## THE PETER BREIDT CITY BREWERY COMPANY, RESPONDENT, v. FRED WEBER, APPELLANT.

Submitted March 26, 1917—Decided June 18, 1917.

Where a brewing company agreed in writing to let a saloon property "at a monthly rent of $100, payable in advance," and the tenant agreed "to pay a monthly rental for the premises of $100 per month, payable in advance." the tenancy thereby created was a monthly tenancy, notwithstanding that the tenant made application annually, and paid an annual license fee for the sale of intoxicating liquors, to the proper authorities, for several years, the fact that the tenant made such yearly application for such license not having the legal effect of changing the terms of the letting.

On appeal from the Supreme Court.

For the appellant, *William R. Wilson.*

For the respondent, *John J. Stamler.*

The opinion of the court was delivered by

KALISCH, J.  The fundamental question presented here is whether the trial judge was warranted, under the facts and circumstances of this case, in deciding, as a matter of law, that an agreement of letting between the parties was one from year to year and required a three months' notice to terminate.

The agreement between the parties, which is in writing, was entered into by them on the 10th day of June, 1910.  By that instrument it appears that the brewing company agreed to let the premises therein mentioned to the appellant "at a monthly rent of $100, payable in advance," and that the appellant agreed "to pay a monthly rental for the premises of one hundred dollars ($100) per month, payable in advance."  The premises were let to the appellant for the saloon business.  The brewing company, by the terms of this agreement, obligated itself to put in a new front and to make such repairs and innovations on the interior as would make the premises suitable for the saloon business.  The appellant obligated himself to apply for a license, or transfer of the existing license, to the excise board to conduct the business of retail liquor dealer on the premises.  On the trial of the cause, it appeared that on the 26th day of July, 1910, the appellant procured the license from the board of excise, and that he renewed the same annually, the last renewal being from July 26th, 1915, to July 25th, 1916.

It further appeared that the appellant paid an annual license fee of $500, and that the brewing company spent a considerable sum of money in putting the premises in condition for the conduct of the saloon business.  On the 1st day of November, 1915, the appellant vacated the premises, having prior thereto given thirty days' notice to his landlord of his intention to vacate on the day mentioned as is required by law to be given to terminate a tenancy from month to month.

The error complained of by appellant is presented by exceptions taken to that part of the court's charge in which he defines the nature and extent of the term agreed on by the parties.

The court appears to have assumed that because appellant paid a saloon license fee of $500, year after year, from June, 1910, to July, 1915, that this had the legal effect of fixing the term of the lease from year to year. And it was in this view he charged the jury that the tenancy was not a monthly one, and that the appellant could not relieve himself from the obligations of the lease by giving one month's notice to quit to his landlord.

But this view is clearly untenable. The written agreement entered into by the parties in the present case does not show an annual rental reserved, and this circumstance, according to *Steffens* v. *Earl*, 40 *N. J. L.* 128, is a distinctive feature of a yearly letting, but, on the contrary, the writing shows that only a monthly rental was reserved, and in these express terms: "And to pay a monthly rental for the store or first floor and the basement underneath same of one hundred ($100) per month, payable in advance." Concerning such a situation, Judge Reed, in the case cited (on *p.* 137), said: "But where there is no such letting (yearly), and there is no evidence but the mere fact of payment at intervals of a week or a month, the implication is that the renting is a monthly or a weekly one, just as the payment is monthly or weekly."

The letting in the present case was manifestly a monthly one and was subject to be legally terminated by either party giving one month's notice. The fact that the tenant made a yearly application for a license to conduct his business did not have the legal effect to change the terms of the letting. The rights and obligations of the parties must be determined by the terms of the contract of letting. This was, apparently, not done.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—WHITE, TAYLOR, JJ.   2.

*For reversal*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   12.